UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANISTHONY A.,[1]

        Plaintiff,

    v.                                                    24-CV-1138-LJV
                                                            DECISION & ORDER
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____

On November 25, 2024, the plaintiff, Anthony A. ("Anthony"), brought this action

under the Social Security Act ("the Act").  Docket Item 1.  He seeks review of the

determination by the Commissioner of Social Security ("Commissioner") that he was not

disabled.[2]  *Id.*  On February 25, 2025, Anthony moved for judgment on the pleadings,

Docket Item 6; on March 22, 2025, the Commissioner responded and cross-moved for

judgment on the pleadings, Docket Item 7; and on April 7, 2025, Anthony filed a self-

styled "Notice of No Reply," Docket Item 8 (citation modified).

---

[1] To protect the privacy interests of Social Security litigants while maintaining
public access to judicial records, this Court will identify any non-government party in
cases filed under 42 U.S.C. § 405(g) only by first name and last initial.  Standing Order,
Identification of Non-Government Parties in Social Security Opinions (W.D.N.Y. Nov.
18, 2020).

[2] Anthony applied for both Disability Insurance Benefits ("DIB") and Supplemental
Security Income ("SSI").  One category of persons eligible for DIB includes any adult
with a disability who, based on his quarters of qualifying work, meets the Act's insured-
status requirements.  *See* 42 U.S.C. § 423(c); *Arnone v. Bowen*, 882 F.2d 34, 37–38
(2d Cir. 1989).  SSI, on the other hand, is paid to a person with a disability who also
demonstrates financial need.  42 U.S.C. § 1382(a).  A qualified individual may receive
both DIB and SSI, and the Social Security Administration uses the same five-step
evaluation process to determine eligibility for both programs.  *See* 20 C.F.R.
§§ 404.1520(a)(4) (concerning DIB), 416.920(a)(4) (concerning SSI).

For the reasons that follow, this Court denies Anthony's motion and grants the Commissioner's cross motion.[3]

## STANDARD OF REVIEW

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id*. This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citation modified) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).

"Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "The substantial evidence standard means once an ALJ finds facts, [the court] can reject those facts only if a reasonable fact finder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (citation modified) (emphasis in original); *see McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational

---

[3] This Court assumes familiarity with the underlying facts, the procedural history, and the decision of the Administrative Law Judge ("ALJ") and refers only to the facts necessary to explain its decision.

interpretation, the Commissioner's conclusion must be upheld.").  But "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."  *Johnson*, 817 F.2d at 986.

### **DISCUSSION**

### I.    THE ALJ'S DECISION

On January 29, 2024, the ALJ found that Anthony had not been under a disability from April 18, 2018, through the date of the decision.  *See* Docket Item 3 at 32.  The ALJ's decision was based on the five-step sequential evaluation process under 20 C.F.R. §§ 404.1520(a) and 416.920(a).  *See id.* at 23–24.

At step one, the ALJ found that Anthony had not engaged in substantial gainful activity since April 18, 2018, the alleged onset date.  *Id.* at 24.  At step two, the ALJ found that Anthony suffered from two severe, medically determinable impairments: "osteoarthritis[ and] renal cell carcinoma status-post right nephrectomy."  *Id.* at 25.

At step three, the ALJ found that Anthony's severe, medically determinable impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *See id.* at 26.  More specifically, the ALJ found that Anthony's physical impairments did not meet or medically equal listing 1.18 (abnormality of a major joint in any extremity) or 13.21 (carcinoma of the kidneys, adrenal glands, or ureters).  *Id.*  In assessing Anthony's mental impairments, the ALJ found that Anthony was mildly limited in each of the four domains of mental functioning: (1) understanding,

3

remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing himself. *Id.* at 25–26.

The ALJ then found that Anthony had the residual functional capacity ("RFC")[4] to "perform light work as defined in 20 C[.]F[.]R[. §§] 404.1567(b) and 416.967(b)" except that:

> [Anthony can have] no more than occasional climbing [of] ramps and stairs, no climbing ladders; no more than occasional balancing, stooping, crawling, kneeling, and crouching; no more than frequent reaching, and no more than occasional overhead reaching; [and] no more than occasional exposure to workplace environments with hazards such as unprotected heights and dangerous moving machinery.

*Id.* at 26–27.

At step four, the ALJ found that Anthony could perform past relevant work as a phlebotomist, receptionist, or taxi driver. *Id.* at 30–31; *see also Dictionary of Occupational Titles* 079.364-022, 1991 WL 646858 (Jan. 1, 2016); *id.* at 237.367-038, 1991 WL 672192 (Jan. 1, 2016); *id.* at 913.463-018, 1991 WL 687825 (Jan. 1, 2016). The ALJ nonetheless continued to step five and found that, given Anthony's age, education, and RFC, Anthony could perform substantial gainful activity as a fast-food worker, cashier, sales attendant, school bus monitor, or usher. *See* Docket Item 3 at 31–32; *see also Dictionary of Occupational Titles* 311.472-010; *id.* at 211.462-010; *id.* at 299.677-010; *id.* at 372.667-042; *id.* at 344.677-014. The ALJ therefore found that

---

[4] A claimant's RFC is the most "an individual can still do despite his or her limitations . . . in an ordinary work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996). "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.*; *see Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999).

Anthony had not been under a disability from the alleged onset date through the date of the decision. *See* Docket Item 3 at 32; *see also id.* at 23–24.

## II.    ALLEGATIONS

Anthony raises one argument: that the ALJ's decision was not supported by substantial evidence. *See* Docket Item 6-1 at 11–19. More specifically, Anthony argues that the ALJ failed to consider Anthony's non-severe mental impairments when formulating the RFC. *Id.* at 11. For the reasons that follow, this Court disagrees.

## III.    ANALYSIS

At step two, the regulations require the ALJ to apply the "special technique" when deciding whether a claimant's medically determinable impairments are severe. *See* 20 C.F.R. § 404.1520(a). The ALJ did that here, finding that Anthony had only mild limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing himself. *See* Docket Item 3 at 25–26. And the ALJ concluded that, "[b]ecause [Anthony's] medically determinable mental impairment cause[d] no more than 'mild' limitations in any of the functional areas . . . it [wa]s non-severe." *Id.* at 26.

That conclusion was well supported by the opinion evidence in the record. For example, J. May, Ph.D., a state agency psychiatric consultant, opined that Anthony had no limitations in interacting with others and only mild limitations in understanding, remembering, or applying information; concentrating, persisting, or maintaining pace; and adapting or managing himself. *Id.* at 86. Dr. May concluded that Anthony's medically determinable mental impairments were non-severe. *Id.* at 87. And P. Roy-

Petrick, Ph.D., later reviewed the record and agreed with Dr. May's findings.  *See id.* at 122–23.

As the ALJ acknowledged, that determination was "not a[n] [RFC] assessment." *Id.* at 26; *see Jatava L. v. Comm'r of Soc. Sec.*, 2021 WL 4452265, at *5 (W.D.N.Y. Sept. 28, 2021) ("[T]he Social Security Regulations stress that the 'special technique' described in 20 C.F.R. [§] 404.1520(a) is not an RFC assessment, and further, the mental RFC assessment . . . 'requires a more detai[l]ed assessment.'" (quoting SSR 96-8p, 1996 WL 374184, at *4)).  At step four, an ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *accord Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022).  In other words, whereas the analysis at step two labels impairments as severe or non-severe, the analysis at step four determines what a claimant can and cannot do in light of those impairments.

Because the step-two and step-four analyses differ, *see David Q. v. Comm'r of Soc. Sec.*, 2022 WL 806628, at *5 (W.D.N.Y. Mar. 17, 2022) ("[I]t is well-established that the step-two analysis is analytically distinct from the RFC analysis." (citation modified)), an ALJ must address all limitations—severe and non-severe—when determining a claimant's RFC, *see Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012) ("A[n] RFC determination must account for limitations imposed by both severe and non[-]severe impairments."); *Felix S. v. Comm'r of Soc. Sec.*, 630 F. Supp. 3d 423, 428 (W.D.N.Y. 2022) ("Simply because the ALJ concluded that [the p]laintiff's mental limitations were non-severe does not relieve him of the duty to consider them in connection with assessing the RFC."); *David Q.*, 2022 WL 806628, at *5 ("[T]he ALJ's

discussion of evidence and functional limitations relating to [the] plaintiff's depression at step two did not relieve him of the obligation to further assess [the] plaintiff's mental health impairment in the RFC portion of his decision.").  And the ALJ did precisely that here.

At step four, the ALJ noted that Anthony's "mental impairment of depression cause[d] no more than mild limitation[s] in each of the four broad areas of mental functioning."  Docket Item 3 at 29.  The ALJ also noted that Anthony "drives independently, shops, handles money, and engages in hobbies" and that "[p]rimary care records . . . make no note of any cognitive concerns."  *Id.*  The ALJ concluded that "based on the overall evidence . . . no mental limits [we]re warranted in the assigned RFC."  *Id.*  So the ALJ explicitly addressed Anthony's mental limitations when formulating the RFC, just as he was required to do.

What is more, at step four the ALJ explicitly considered the opinions of Drs. May and Roy-Petrick, each of which addressed Anthony's mental impairments and supported the RFC.  *Id.* at 29.  For example, and as noted above, Dr. May opined that Anthony had no more than mild limitations in any areas of mental functioning and that Anthony's medically determinable mental impairments were non-severe.  *Id.* at 86–87.  Dr. Roy-Petrick later reviewed the record and affirmed Dr. May's findings.  *See id.* at 122–23.  The ALJ found these opinions to be "persuasive," noting that they were "supported by the overall record, including the unremarkable status findings . . . and [Janine Ippolito, Psy.D.'s] findings that [Anthony] had coherent and goal directed thought process, appropriate affect, fair insight and judgment[,] and appropriate fund of knowledge."  *Id.* at 29.

In other words, the ALJ addressed Anthony's mental limitations both at step two and at step four.  And the ALJ explicitly addressed both severe and non-severe impairments when he formulated the RFC.

Anthony argues that because the ALJ found Anthony to have mild limitations in various areas of mental functioning, the ALJ was required to include at least some mental restrictions in the RFC.  *See* Docket Item 6-1 at 14.  But the regulations require only that an ALJ *consider* a claimant's non-severe mental impairments.  *See Felix S.*, 630 F. Supp. 3d at 428.  And if, as the ALJ explicitly found here, "no mental limits are warranted in the assigned RFC" despite mild mental impairments, *see* Docket Item 3 at 29, then the ALJ is not required to somehow create such limitations.  Indeed, courts in this District and this Circuit repeatedly have held that when substantial evidence supports only mild limitations in mental functioning, an ALJ is not required to include mental limitations or restrictions in the RFC.  *See Grace M. v. Comm'r of Soc. Sec.*, 2022 WL 912946, at *3 (W.D.N.Y. Mar. 29, 2022) ("Even though mild limitations may cause functional restrictions, such limitations do not compel the inclusion of mental limitations in the RFC."); *Katherine R. v. Comm'r of Soc. Sec.*, 2021 WL 5596416, at *6–7 (W.D.N.Y. Nov. 30, 2021) ("Where, as here, an ALJ's findings of only mild limitations in mental functioning are supported by substantial evidence in the record, the ALJ is not required to include mental limitations or restrictions in the RFC."); *Crumedy v. Comm'r of Soc. Sec.*, 2017 WL 4480184, at *6 (N.D.N.Y. Oct. 6, 2017) ("[E]vidence that is present does not suggest that this impairment imposed more than [a] minimal effect on [the p]laintiff's functioning that would have needed to be accounted for in the RFC.").

Anthony also argues that the ALJ's failure to "provide 'an accurate and logical bridge'" between the evidence and his disability finding warrants remand.  Docket Item 6-1 at 17.  But "[a]n ALJ does not have to state on the record every reason justifying a decision."  *Valdes-Ocasio v. Kijakazi*, 2023 WL 3573761, at *1 (2d Cir. May 22, 2023) (quoting *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012)).  Rather, so long as the ALJ's decision provides "an adequate basis for meaningful judicial review . . . and is supported by substantial evidence," there is no error.  *See Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013).  And that is precisely the case here.

In sum, the ALJ appropriately considered Anthony's non-severe mental impairments when formulating the RFC.  Because the ALJ was "entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole," *Matta*, 508 F. App'x at 56, and because the ALJ did just that, the ALJ's decision was supported by substantial evidence.  This Court will not second-guess it.  *See Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010).

**CONCLUSION**

The ALJ's decision was not contrary to the substantial evidence in the record, nor did it result from any legal error.  Therefore, and for the reasons stated above, Anthony's motion for judgment on the pleadings, Docket Item 6, is DENIED, and the Commissioner's cross motion for judgment on the pleadings, Docket Item 7, is GRANTED.  The complaint is DISMISSED, and the Clerk of Court shall close the file.


SO ORDERED.

Dated:      July 14, 2026
            Buffalo, New York



                                    */s/ Lawrence J. Vilardo*
                                    LAWRENCE J. VILARDO
                                    UNITED STATES DISTRICT JUDGE